15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Javier Jose CARVAJAL-UZCATEGUI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70098.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1993.
Decided Jan. 11, 1994.
 
 1
 Before: REINHARDT and T.G. NELSON, Circuit Judges, and KAUFMAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Javier Jose Carvajal-Uzcategui, a native and citizen of Venezuela, petitions for review of the Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's order of deportation pursuant to 8 U.S.C. Sec. 1251(a)(2)(B)(i) and denial of voluntary departure pursuant to 8 U.S.C. Sec. 1254(e).
 
 
 4
 Statutory ineligibility for voluntary departure, when based on want of good moral character, is reviewed for substantial evidence. Mabugat v. I.N.S., 937 F.2d 426, 431 (9th Cir.1991).
 
 
 5
 To merit voluntary departure, an alien must demonstrate two things: the ability to depart voluntarily at his own expense, and good moral character for at least five years immediately proceeding the application for relief. 8 U.S.C. Sec. 1254(e). Carvajal-Uzcategui asserts that he should be allowed to demonstrate "good moral character" and thereby prove his eligibility for voluntary departure. However, under the Act, good moral character cannot be established if the alien falls within one of the 8 subparagraphs of 8 U.S.C. Sec. 1101(f). Carvajal-Uzcategui falls within subparagraph (3) of that section, which prohibits a finding of good moral character for any person described in 8 U.S.C. Sec. 1182(a)(2)(A)(i)(II) as an "alien convicted of ... a violation of ... any law or regulation of a State ... relating to a controlled substance." Carvajal-Uzcategui has been convicted of a narcotics violation within the past five years and has admitted that fact to the Immigration Judge. Thus, he is statutorily unable to demonstrate good moral character. As to Carvajal's other arguments, they are, as the BIA has concluded, also without merit. The petition for review of the BIA's order upholding the Immigration Judge's denial of voluntary departure is DENIED.[1]
 
 
 
 *
 Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We reach that conclusion even if we receive and consider appellant's supplemental brief filed on October 1, 1993. However, because that filing was untimely, we hereby grant the INS's motion to strike that October 1, 1993, document